UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| CHRISTOPHER WOODARD, ET AL. | CIVIL ACTION NO. 15-1777 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| WOODARD VILLA, INC. | MAGISTRATE JUDGE MARK HORNSBY |

---

## MEMORANDUM RULING

Before the Court is a motion to dismiss the Plaintiffs' suit, filed by the Defendant, Woodard Villa, Inc. [Record Document 3]. Woodard Villa filed this Federal Rule of Civil Procedure 12(b)(7) motion based on its allegation that the Plaintiffs have failed to join parties who are required under Federal Rule of Civil Procedure 19. The Plaintiffs opposed the motion to dismiss. [Record Document 7]. Woodard Villa declined to file any reply to the Plaintiffs' opposition. For the reasons stated below, Woodard Villa's motion to dismiss is **DENIED**.

### I. Background.

The Plaintiffs, Christopher Woodard and Stephanie Woodard Erickson,[1] filed the instant diversity suit against Woodard Villa, alleging that they are oppressed shareholders, pursuant to Louisiana Revised Statute 12:1-1435. This statute provides that "[i]f a corporation engages in oppression of a shareholder, the shareholder may withdraw from

---

[1] The Plaintiffs' opposition represents that, since the inception of this suit, Stephanie Woodard Erickson has settled her claims against Woodard Villa. Counsel indicates that a motion to dismiss "will be filed in due course." Record Document 7, p. 1 n.1. No such motion has been filed. The Court's ruling herein is unaffected by Erickson's purported settlement.

the corporation and require the corporation to buy all of the shareholder's shares at their fair value." La. R.S. 12:1-1435(A). The shareholder withdraws by providing written notice of withdrawal to the corporation. La. R.S. 12:1-1435(D). This withdrawal notice operates as an offer to sell that shareholder's shares back to the corporation at fair value. Id. If the corporation does not accept this offer within 60 days, the shareholder is permitted to file suit to enforce his right to withdraw. La. R.S. 12:1-1435(G).

In this case, the Plaintiffs are owners of Woodard Villa Class B common stock. Believing they are oppressed shareholders under Louisiana law, they initiated withdrawal proceedings in accordance with the statutory process described above. Woodard Villa did not accept that withdrawal notice. The Plaintiffs then instituted this action to enforce their right to withdraw from Woodard Villa.

Woodard Villa filed the instant motion to dismiss, alleging that the suit must be dismissed because the Plaintiffs failed to join parties necessary under Rule 19. Specifically, Woodard Villa submits that all of its shareholders are required and indispensable parties, in whose absence this case cannot proceed. As discussed below, the Court disagrees.

## II.     Law and Analysis.

Rule 12(b)(7) allows for dismissal of an action "for failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 sets forth a two-step inquiry for determining whether a case must be dismissed for failure to join an indispensable party. First, "Rule 19(a) provides a framework for deciding whether a given person should be joined, and Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person

cannot be joined." Nat'l Cas. Co. v. Gonzalez, -- F. App'x --, 2016 WL 454223, *2 (5th Cir. 2016) (quoting Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1989)). The rule provides, in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>     (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>         (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>         (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>             (i) as a practical matter impair or impede the person's ability to protect the interest; or
>             (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>     . . .
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>     (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>     (2) the extent to which any prejudice could be lessened or avoided by:
>         (A) protective provisions in the judgment;
>         (B) shaping the relief; or
>         (C) other measures;
>     (3) whether a judgment rendered in the person's absence would be adequate; and
>     (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

As set forth above, the Court must first determine whether the absent parties are "required" under Rule 19(a). If they are and cannot be joined feasibly, the Court then

looks to Rule 19(b) considerations to determine whether they are indispensable, "that is, whether litigation can be properly pursued without the absent party." Nat'l Cas., 2016 WL at *2 (quoting Hood ex rel. Miss. v. City of Memphis, Tenn., 570 F.3d 625, 629 (5th Cir. 2009)). As the party advocating the joinder of additional parties, Woodard Villa bears the initial burden of establishing that those absent parties are required under Rule 19(a). However, if "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder," in this case, the Plaintiffs. Id. (quoting Hood, 570 F.3d at 628).

    A.    <u>Diversity Jurisdiction</u>.

At the outset, the Court must address what it views as the first of several flawed legal conclusions made in the absence of any supporting evidence by Woodard Villa. Woodard Villa claims that all shareholders-- those of both Class A and Class B stock-- must be joined in this suit and that doing so would destroy diversity, thus necessitating dismissal of this suit. Woodard Villa first points to shareholder Alfred Ernest Woodard, who is evidently represented by Plaintiffs' counsel and who has tendered a withdrawal notice to Woodard Villa, but who has not been joined in this suit. Woodard Villa, apparently presuming Alfred Ernest Woodard is a required party, surmises that his "presence, among others, will destroy complete diversity, requiring dismissal . . . ." Record Document 3, p. 3. The Court cannot accept Woodard Villa's unsubstantiated assertions regarding diversity jurisdiction. Nowhere in its pleadings has Woodard Villa even attempted to identify the citizenship of Alfred Ernest Woodard. Were the Court inclined to find that Alfred Ernest

Woodard is required under Rule 19(a)(1), the Court would necessarily have to determine whether his joinder is or is not feasible. Woodard Villa has supplied the Court with none of the evidence required for such a determination, instead substituting conclusional allegations and speculation in place of specific facts and evidence. The citizenship of the absent shareholders receives equally speculative and conclusory treatment from Woodard Villa. That is, Woodard Villa submits that diversity jurisdiction will be destroyed upon their joinder, yet it has failed to set forth any information regarding their citizenship.[2] Thus, even if the Court agreed that the absent shareholders were required parties under Rule 19(a)(1)-- which it does not for the reasons discussed below-- dismissal would nonetheless be an improper remedy given the absence of facts and evidence to support a finding that, if joinder was ordered, diversity jurisdiction would be destroyed. Accordingly, this Court will only analyze whether, under the facts before it, the absent shareholders are required parties under Rule 19(a)(1).

    B.    <u>Rule 19(a)(1): Required or Necessary Party</u>.

As previously mentioned, in order for the absent shareholders to be deemed required or necessary parties under Rule 19(a)(1), the Court must find that either: (A) without them, complete relief cannot be accorded among the existing parties, or (B) the absent shareholders claim an interest in the subject of the action and are so situated that disposing of the action in their absence may (i) as a practical matter impair or impede their ability to protect their interests, or (ii) leave an existing party subject to a substantial risk

---

[2] The Plaintiffs concede that some of the shareholders are citizens of Louisiana, although no specific shareholders are identified. Record Document 7, p. 9.

of incurring double, multiple, or otherwise inconsistent obligations because of the shareholders' interest. See Fed. R. Civ. P. 19(a)(1). Insisting that the absent shareholders are required parties under Rule 19(a)(1), Woodard Villa invokes the pertinent legal language found within that provision: complete relief cannot be accorded among the parties without the absent shareholders, the absent shareholders' ability to protect their interests will be impaired or impeded, and Woodard Villa will face substantial risk of incurring double, multiple, or inconsistent obligations. Indeed, it states that proceeding without the other shareholders "could" impair the shareholders' interests and that Woodard Villa "will be exposed to multiple inconsistent judgments" by the shareholders who "could" bring subsequent actions against it, ergo Woodard Villa must be protected from "inconsistent judgments." Record Document 3-1, p. 2. Continuing, Woodard Villa urges, "[i]t is therefore plain that without the other shareholders the Court cannot accord complete relief among existing parties, and that Woodard Villa, Inc. will be subject to double, multiple, or otherwise inconsistent judgments." Record Document 3-1, p. 3.

However, despite citing the applicable legal standards, Woodard Villa has failed to articulate how or why the law, when applied to the facts of this case, mandates joinder, or upon which of Rule 19(a)(1)'s provisions its position is premised. Rather, Woodard Villa seemingly has merged Rule 19(a)(1)(A) with Rule 19(a)(1)(B), ineffectually using the two interchangably. For reasons discussed in greater detail below, Woodard Villa's ultimate conclusions are once again speculative, unsubstantiated, and conclusory.

1. *Rule 19(a)(1)(A): Complete Relief*

Joinder of an absent party is required if its absence prevents the court from according complete relief among the existing parties. Fed. R. Civ. P. 19(a)(1)(A). This provision "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Fed. R. Civ. P. 19 Advisory Committee Note. Beyond mere speculation and conjecture, Woodard Villa has not genuinely attempted to establish that complete relief cannot be accorded among the parties. Without any information or evidence to the contrary, the Court finds that the Plaintiffs can, in fact, obtain complete relief-- relief that is neither partial nor hollow. Failing to join the other shareholders will not prevent the Plaintiffs from achieving the objective of their suit, which is to withdraw from Woodard Villa and to be compensated at fair value for their Woodard Villa Class B common stock. See also Pulitzer-Polster, 784 F.2d at 1309 ("Since [plaintiff's] federal suit seeks only damages for herself, the absence of [other parties] should not prevent the court from awarding [plaintiff] money damages. [The other parties] would therefore not need to be joined on this basis."). Woodard Villa has not met its burden of presenting facts that indicate that complete relief cannot be accorded among the existing parties.

2. *Rule 19(a)(1)(B): Interest in the Subject of the Action*

To find that the absent shareholders are required parties under Rule 19(a)(1)(B), the Court must conclude that they claim an interest in the subject of the action and are so situated that disposing of the action in their absence may (i) as a practical matter impair

or impede their ability to protect their interests,[3] or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the shareholders' interest. See Fed. R. Civ. P. 19(a)(1)(B). As a threshold matter, the Court notes the absence of a critical prong of Rule 19(a)(1)(B), which is that there must be a person claiming an interest relating to the subject of the action. Here, significantly, Woodard Villa has failed to establish, or even assert, that any of the absent shareholders, with the possible exception of Alfred Ernest Woodard who will be discussed below, claim an interest in the subject of this action.

Joinder is only required if the absent party claims an interest. "Rule 19 does not contemplate joinder of any party who might possibly be affected by a judgment in any way." Shelton v. Exxon Corp., 843 F.2d 212, 218 (5th Cir. 1988). Many courts within the Fifth Circuit have held that the fact that an absent party does not seek joinder on its own is indicative of its lack of interest in the subject matter of the suit. See Canal Ins. Co. v. Xmex Transport LLC, 2013 WL 5740223, *4 (W.D. Tex. Oct. 22, 2013); see also St. Jude Med. S.C., Inc. v. Janssen-Counotte, 2014 WL 7237411, *9 (W.D. Tex. Dec. 17, 2014)(finding the absent parties were not necessary, in part, because they had not claimed any interest in the lawsuit); Colbert v. First NBC Bank, 2014 WL 1329834, *3 (E.D. La. Mar. 31, 2014) ("to be a required party . . . the party must *assert* its own interest."); Broadcast Music, Inc. v. Armstrong, 2013 WL 3874082, *6 (W.D. Tex. July 24, 2013) ("the fact that

---

[3] Woodard Villa does not genuinely argue, per Rule 19(a)(1)(B)(i), that the absent shareholders' ability to protect their interests will be impaired or impeded if they are not joined in this action. Therefore, the Court does not address that provision.

an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action."); Grand Acadian, Inc. v. Flour Corp., 2008 WL 408874, at *2-3 (W.D. La. Feb. 12, 2008) ("it is not enough for a legally protected interest to exist, but that the absent party must actually assert that interest.") (citing United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999)); Inmobiliaria Axial, S.A. de C.V. v. Robles Int'l Servs., Inc., 2007 WL 2973483, at *4 (W.D. Tex. Oct. 11, 2007) (court was unpersuaded by defendant's allegation that absent party claimed an interest in the matter because the absent party had not attempted to join the case).

In this case, no other shareholders have attempted to join this action, or short of that, otherwise expressed an interest in this suit. The record is devoid of any evidence, other than counsel's unsupported arguments, that would compel, or even support, a finding that the shareholders claim an interest in the Plaintiffs' oppressed shareholder lawsuit. Specifically, with respect to Alfred Ernest Woodard, even if he desires to withdraw from Woodard Villa on the basis of shareholder oppression, the mere possibility of similar lawsuits does not mandate the conclusion that he has an interest in *this* lawsuit. Alfred Ernest Woodard has his own Class B common stock. He owns a different number of shares than the Plaintiffs. His reasons for withdrawing may be different than the oppressive grounds cited by the Plaintiffs. Further, the Court has no information that (1) Alfred Ernest Woodard still intends to withdraw from Woodard Villa or (2) Woodard Villa has not already accepted his withdrawal notice. The Court refuses to engage in conjecture and speculation. Thus, the Court is not convinced that either Alfred Ernest Woodard or the

other absent shareholders actually "claim an interest" in the Plaintiffs' oppressed shareholder suit. Woodard Villa has failed to satisfy its burden at this stage.

3. *Rule 19(a)(1)(B)(ii): Double, Multiple, or Inconsistent Obligations*

Although the Court need not proceed further in its inquiry under Rule 19(a)(1)(B), it nevertheless notes that resolution of this action without the absent shareholders will not leave Woodard Villa subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Woodard Villa seems to mischaracterize the meaning of the term "double, multiple, or inconsistent obligations." Indeed, it contends that without the joinder of the absent shareholders, it will be exposed to "multiple lawsuits and inconsistent judgments." Record Document 3-1, p. 3.

The law, however, is clear that the mere possibility of incurring multiple *litigations* is not the same as multiple *obligations*. See Pulitzer-Polster, 784 F.2d at 1305. Rule 19(a)(1)(B)(ii) is not concerned with multiple litigations. Rather, the rule "is intended to prevent a double or otherwise inconsistent liability," i.e., the risk that the defendant will be forced to pay twice or more for the same alleged misconduct, or face inconsistent obligations from two courts, where performance of one obligation may cause the breach of another obligation. See Pulitzer-Polster, 784 F.2d at 1312; see also Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998) ("Inconsistent obligations are not, however, the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur

when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed. R. Civ. P. 19(a).")(internal marks and citations omitted). In short, Rule 19 seeks to prevent "*inconsistent* obligations, not the possibility of multiple litigation . . . ." Shelton v. Exxon Corp., 843 F.2d 212, 218 (5th Cir. 1988); see also Boone v. Gen. Motors Acceptance Corp., 682 F.2d 552, 554 (5th Cir. 1982)(illustrating that multiple litigation is not synonymous with multiple or inconsistent obligations). Woodard Villa's conclusory argument that it may potentially face multiple litigations fails to carry its burden of demonstrating that the absent shareholders are required parties under Rule 19(a)(1)(B)(ii).

### III. Conclusion.

When the threshold requirements of Rule 19(a) are not satisfied, no Rule 19(b) inquiry is necessary. See Temple v. Synthes Corp., 498 U.S. 5, 8 (1990). Accordingly, in light of Woodard Villa's failure to satisfy its burden under Rule 19(a), the Court would not need to engage in any analysis under Rule 19(b). Thus, Woodard Villa's failure to set forth the necessary shareholder citizenship information, as discussed previously, is ultimately immaterial to the Court's opinion.

For the foregoing reasons, **IT IS ORDERED** that Woodard Villa's Motion To Dismiss [Record Document 3] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** on this 31st day of March, 2016.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE